UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KINDI SPALDING,

        Plaintiff,                         Hon. Robert J. Jonker

v.                                                      Case No. 1:18-cv-819

EATON COUNTY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendants' Motion to Dismiss and/or for Summary Judgment. (ECF No. 71). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of dispositive motions, the undersigned recommends that Defendants' motion be granted in part and denied in part.

## BACKGROUND

      Kindi Spalding, represented by counsel, initiated the present action in her capacity as the Personal Representative of the Estate of Jessica Spalding. (ECF No. 1). In her complaint, Plaintiff alleges the following.

      On August 11, 2015, Jessica Spalding was arrested and transported to the Eaton County Jail. Upon admission to the jail, Spalding acknowledged to jail personnel that she had recently used heroin. By the time Spalding was admitted to the jail, however, she was "withdrawing from heroin use," and she exhibited an

elevated temperature as well as "an infected swollen left hand from intravenous heroin use." Despite exhibiting "readily apparent cognitive, physical, emotional, psychological, behavioral, gastrointestinal, and mood symptoms" of heroin withdrawal, Spalding was not provided medical treatment. The following afternoon, Spalding "was transferred to the Lansing City Jail" regarding a separate matter.

Upon admission to the Lansing City Jail, Spalding acknowledged using heroin recently. Spalding further reported that her hand was "hurting" and that she was experiencing "a really high fever." Spalding later requested to be transported to a hospital for treatment, but this request was denied. Soon thereafter, Spalding began vomiting and experiencing diarrhea. Between 9:08 p.m. on August 12, 2015, and 10:14 a.m. on August 13, 2015, Spalding vomited and/or experienced diarrhea at least 26 times. Despite exhibiting these and other, symptoms of her "ongoing medical emergency," Plaintiff received no medical care.

On the afternoon of August 13, 2015, Spalding was transferred to the Ingham County Jail. Officials at the Ingham County Jail were informed of Spalding's heroin use, hand injury, and "otherwise made aware of [Spalding's] ongoing medical emergency." Spalding was, nevertheless, not provided any medical care. In the early morning hours of August 14, 2015, a nurse examined Spalding and noted the presence of "needle marks" that "required immediate attention." The nurse further observed that Spalding was tachycardic and "withdrawing from heroin." The nurse, however, did not provide Spalding with any medical treatment, but instead placed Spalding on the jail's opiate withdrawal monitoring protocol and "sent her back to

her cell."

By the morning of August 14, 2015, Spalding was "vomiting and constantly experiencing fecal incontinence" and was unable to eat breakfast. Jail personnel still did not provide Spalding with medical treatment, but instead instructed Spalding's cellmate to "move [Spalding's] mattress to the floor near the toilet so that she would vomit and defecate less on the floor." Jail personnel brought Spalding a "liquid lunch," which she was unable to eat. Shortly thereafter, Spalding experienced another episode of fecal incontinence after which she was transported "to the medical post." Spalding was examined by two medical professionals who, despite observing that Spalding was experiencing a medical emergency, provided her with "no medical treatment." Spalding was informed that a nurse would check on her later, but to return to her cell in the meantime.

At approximately 5:45 p.m., a deputy observed Spalding "laying on the floor of her cell surrounded by uneaten containers of food which were delivered to her by jail-mates throughout the day." Despite knowing that Spalding was in "very bad shape," this deputy did not secure medical treatment for Spalding, but instead merely instructed her "to consume the liquid food in order to regain strength." At approximately 7:00 p.m., other inmates began hearing "strange noises" emanating from Spalding's cell. At approximately 7:31 p.m., a deputy discovered Spalding "unresponsive and laying face down on her mattress which was still on the floor of her cell with vomit encompassing her face." Medical personnel were immediately summoned and efforts were undertaken to revive Spalding. These efforts were

unsuccessful, however, and Spalding was pronounced dead at 8:25 p.m.

Plaintiff initiated this action against Eaton County, Ingham County, the City of Lansing, and 59 individuals. With respect to the individual defendants, Plaintiff alleges deliberate indifference to Jessica Spalding's serious medical needs. As for the municipal defendants, Plaintiff alleges a failure to train and/or supervise. Plaintiff's claims against thirteen defendants were previously dismissed. (ECF No. 51-52). Nineteen of the remaining individual defendants now move for relief.

## ANALYSIS

### I. Voluntarily Dismissed Defendants

In response to the present motion, Plaintiff "agrees to dismiss" her claims against the following defendants: Melissa Brown, Sam Davis, Andrew Bouck, Scott Wrigglesworth, Nicholas Wagner, Unknown Torrez, and Darroll Gatson. (ECF No. 82, PageID.1743). Accordingly, the undersigned recommends that Plaintiff's claims against these seven defendants be dismissed with prejudice. *See* Fed. R. Civ. P. 41(a)(2). The twelve other defendants presently seeking relief move for such on both summary judgment and failure to state a claim grounds, each of which is addressed below.

### II. Motion for Summary Judgment

Plaintiff argues that summary judgment is premature at this juncture. The Court agrees. Discovery is still ongoing and Plaintiff has submitted an affidavit, pursuant to Federal Rule of Civil Procedure 56(d), describing the discovery needed to

sufficiently respond to Defendants' motion for summary judgment. (ECF No. 82, PageID.1820-24). Accordingly, the undersigned recommends that Defendants' motion for summary judgment be denied without prejudice as premature.[1]

## III. Motion to Dismiss

The following defendants move for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff's allegations fail to state a claim on which relief may be granted: Morgan Gyhra, Brinah Cook, Rodolfo Gaytan, Chris Hagerman, Daniel Patrick, Sandra Douse, Matthew Watters, Nathan Smith, Conner Plantz, Thomas Agueros, Ryan Watts, and Jeffrey Chappell.[2]

A motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000). Pursuant to Rule 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief

---

[1] In addressing Defendants' motion to dismiss, the Court has disregarded all evidence and material submitted (by any party) that is not properly considered when resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

[2] In resolving Defendants' motion, the Court has focused on the portions of Plaintiff's complaint in which she advances specific allegations against the moving defendants. As the Court previously observed (ECF No. 51), vague, nonspecific allegations are insufficient to defeat a motion to dismiss for failure to state a claim. *See, e.g., Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right").

above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court has held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*. As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A.   Defendants Cook, Gaytan, Plantz, Hagerman, Agueros, Patrick, Watts, Douse, Gyhra, and Watters

Plaintiff alleges that these defendants were deliberately indifferent to Jessica Spalding's serious medical needs. Specifically, Plaintiff alleges that these defendants either "failed to check, observe, and/or monitor" Spalding or failed to ensure that others "checked, observed, and/or monitored" her. (ECF No. 1 at ¶¶ 175, 176, 181, 182, 183, and 185).

The proscription against cruel and unusual punishment, articulated by the Eighth Amendment, is equally applicable, by way of the Fourteenth Amendment, to pre-trial detainees such as Spalding. *See Brown v. Chapman*, 814 F.3d 447, 465 (6th Cir. 2016). The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which a defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment

or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). If, however, the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Ibid.*

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, the plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (citing *Farmer*, 511 U.S. at 829, 847). To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

It is very likely that had Defendants "checked, observed, and/or monitored" Jessica Spalding that she would have received timely medical attention and survived her incarceration. Moreover, Defendants' failure may even constitute negligence. But liability under the Eighth Amendment "cannot be predicated on negligence, inadvertence, or good faith error." *See, e.g., Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Instead, Plaintiff must establish that Defendants were aware that there existed an "excessive risk" to Spalding's health or safety and nevertheless failed to reasonably respond thereto.

While it may be accurate to allege that Defendants "failed to monitor" Spalding, Plaintiff has failed to allege that Defendants were aware of any facts from which they should have known that Spalding faced an excessive risk to her health or safety that necessitated monitoring. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants Cook, Gaytan, Plantz, Hagerman, Agueros, Patrick, Watts, Douse, Gyhra, and Watters be dismissed for failure to state a claim on which relief may be granted.

B.     Defendant Smith

Plaintiff claims that Defendant Smith was deliberately indifferent to Jessica Spalding's serious medical needs. With respect to Smith, Plaintiff alleges the following. On the evening of August 13, 2015, Smith escorted Spalding from "general housing" to an individual cell. (ECF No. 1 at ¶ 125). While escorting Spalding, Smith "observed and became aware of" Spalding's "continuing medical emergency." (*Id.*). Despite becoming aware that Spalding was experiencing a

medical emergency, Smith simply "placed [Spalding] into a cell as opposed to seeking necessary medical attention." (*Id.*).

While perhaps a close call, these allegations are sufficient to state a claim against Defendant Smith. Unlike the allegations discussed in the preceding section, Plaintiff does allege that Smith was subjectively aware that Spalding was experiencing a medical emergency. While Plaintiff does not allege with any specificity what symptoms or other manifestations of illness Smith observed, the Court nonetheless finds that Plaintiff has alleged facts sufficient to state a claim against Smith. Accordingly, the undersigned recommends that Defendant Smith's motion to dismiss be denied. As for Defendant Smith's assertion that he is entitled to qualified immunity, the undersigned recommends that such likewise be denied as any reasonable official would have understood that if he acted as Plaintiff alleges that such violates the Eighth Amendment. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

### C. Defendant Chappell

Plaintiff alleges that Defendant Chappell was deliberately indifferent to Jessica Spalding's serious medical needs. With respect to Chappell, Plaintiff alleges the following. On the afternoon of August 14, 2015, Defendant Hawkins transferred Spalding to Chappell "for transportation to the medical post." (ECF No. 1 at ¶ 150). Chappell subsequently informed Defendant Borseth, whom Plaintiff alleges is a Registered Nurse, that Spalding was "continually vomiting and defecating herself." (ECF No. 1 at ¶ 44, 151).

Plaintiff alleges that Chappell is a Deputy Sheriff, (ECF No. 1 at ¶ 150), but does not allege that Chappell possesses any specialized or particularized medical training. Plaintiff concedes that Chappell communicated to Borseth, a medical professional, that Plaintiff was experiencing symptoms that a reasonable person would understand required further examination and treatment. For Eighth Amendment purposes, Chappell was entitled to presume that Borseth would, in fact, provide Spalding the medical care she required. *See, e.g., Jones v. Pramstaller*, 678 F.Supp.2d 609, 622-23 (W.D. Mich. 2009) (prison officials are entitled to "presume that an employee more-specifically assigned to monitor prisoner health" has "done her job"); *Baker v. County of Missaukee*, 2016 WL 11475274 at *12 (W.D. Mich., Mar. 3, 2016) ("members of the jail's custody staff were entitled to rely on the judgment of medical professionals regarding the appropriate course of medical and dental treatment"). Accordingly, the undersigned recommends that Defendant Chappell's motion to dismiss be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss and/or for Summary Judgment, (ECF No. 71), be granted in part and denied in part. Specifically, the undersigned recommends that Defendants' motion for summary judgment be denied without prejudice.

The undersigned recommends that Plaintiff's claims against the following defendants be dismissed for the reasons articulated herein: Melissa Brown, Sam Davis, Andrew Bouck, Scott Wrigglesworth, Nicholas Wagner, Unknown Torrez, Darroll Gatson, Morgan Gyhra, Brinah Cook, Rodolfo Gaytan, Chris Hagerman, Daniel Patrick, Sandra Douse, Matthew Watters, Conner Plantz, Thomas Agueros, Ryan Watts, and Jeffrey Chappell.  The undersigned further recommends that Plaintiff's claim against Defendant Nathan Smith go forward for the reasons discussed herein.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                            Respectfully submitted,

Date: May 6, 2020                               /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge