UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KINDI SPALDING,

    Plaintiff,

                              CASE No. 1:18-cv-819

v.

                              HON. ROBERT J. JONKER

EATON COUNTY, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 93); Plaintiff's Objections to the Report and Recommendation (ECF No. 94); and Defendant Smith's Objection (ECF No. 95). The Court has also reviewed the reply brief filed by the Ingham County defendants to Plaintiff's Objections. (ECF No. 98). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections.

For the reasons that follow, the Court adopts, in part, the Magistrate Judge's Report and Recommendation.

**1. Summary Judgment and Uncontested Dismissals**

This is a civil rights action brought on behalf of Jessica Spalding, who died on August 14, 2015, while in custody at the Ingham County Jail. Ms. Spalding had been arrested on August 11, 2015 and initially lodged at the Eaton County Jail. She was eventually transferred to the Ingham County Jail with a brief stay in between at the Lansing City Jail. Plaintiff's personal representative initiated this action against Eaton County, Ingham County, the City of Lansing, and 59 individuals.

The Court dismissed 13 of those defendants in an Opinion and Order dated August 30, 2019. (ECF No. 51). Thereafter 19 of the remaining defendants together filed a "Motion to Dismiss Plaintiff's Complaint And/Or for Summary Judgment" citing both Rule 12 and Rule 56. (ECF No. 71).[1] Plaintiff responded to the motion on March 11, 2020. (ECF No. 82). In the response, Plaintiff agreed that some of the moving Defendants could be dismissed from this case. Those defendants are Melissa Brown, Sam Davis, Andrew Bouck, Scott Wrigglesworth, Nicholas Wagner, Luis Torrez and Darroll Gatson.

The Magistrate, firstly, recommends denying Defendants' motion without prejudice to the extent it seeks summary judgment and dismissing the seven Defendants that both sides agree can be dismissed. The Court has reviewed de novo the claims and arguments with respect to this

---

[1] Thereafter, before any response by Plaintiff, Defendants filed a Motion to Amend (ECF No. 74) to correct certain assertions as to Defendant Gaytan. (ECF No. 74). While the Magistrate did not discuss this motion in his Report and Recommendation, the assertions in the motion to amend appears to have been considered in the subsequent briefing and, furthermore, it does not appear that Plaintiff opposes the motion to amend. Accordingly, the Court grants the motion to the extent the Defendants seek to supplement and correct the arguments in their underlying motion.

portion of the R&R. The only argument against this aspect of the Report and recommendation is in Defendant Smith's objection, which asserts that he objects to, among other things, the Magistrate's recommendation that summary judgment is premature. (ECF No. 95, PageID.2018-2019). But Defendant Smith fails to develop this argument in any way in his Objections. The Court is satisfied, therefore, that the motion, to the extent it requests summary judgment, should be denied without prejudice for the very reasons detailed by the Magistrate Judge. The Court is further satisfied that dismissal of the above 7 defendants is warranted, and will dismiss them from the case.

**2. Defendant Smith**

The Magistrate Judge next recommends denying the motion to the extent it seeks dismissal of Defendant Smith. The Magistrate Judge reasons that the allegations in the Complaint are sufficient to state a *Twombly* plausible claim against that Defendant, noting that there is enough to allege that Defendant Smith was subjectively aware that Jessica Spalding was experiencing a medical emergency. (ECF No. 93, PageID.1942-1943). Defendant Smith objects (ECF No. 95) to that conclusion. The objections are lengthy, but they come down to a single primary assertion: The Magistrate Judge violated principles of Rule 12, *Twombly* and *Iqbal* in finding Plaintiff stated a claim against Defendant Smith. The Court disagrees, and finds that Plaintiff's Complaint is sufficient to establish a *Twombly* plausible claim. Plaintiff alleges that Defendant Smith observed and was aware that Ms. Spalding was experiencing a medical emergency while he was escorting Ms. Spalding to her bunk at the Ingham County Jail. Rather than seeking medical attention, Defendant Smith left Ms. Spalding in her cell. These factual allegations, accepted as true, are sufficient to meet Plaintiff's relatively mild burden of alleging deliberate indifference. Rather than dismissal, further inquiry into this question must await the completion of discovery and summary judgment, or trial.

Defendant Smith also objects to the Magistrate Judge's recommendation with respect to qualified immunity. The Magistrate Judge reasoned that Defendant Smith had not demonstrated a basis for qualified immunity because a reasonable official would have understood that the conduct alleged, accepted as true, would have violated the Eighth Amendment. The Court agrees, on de novo review, that Defendant Smith has not established a basis for qualified immunity for the very reasons detailed by the Magistrate Judge.

### 3. Defendant Chappell

Next, the Magistrate Judge recommends the Court grant Defendant's motion with respect to Defendant Chappell. Specifically, the Magistrate Judge found the allegations in Plaintiff's Complaint accepted as true do not permit a grant of relief because the allegations fail to state a plausible claim that Defendant Chappell acted with deliberate indifference. Indeed, as set out in the Complaint, Plaintiff acknowledges that Defendant Chappell informed medical personal that Ms. Spalding was vomiting and defecating on herself. Numerous decisions from this Court and other circuits have found deliberate indifference was not established in similar circumstances. *See, e.g., Jones v. Pramstaller*, 678 F. Supp. 2d 609, 622-23 (W.D. Mich. 2009); *Taylor v. Hillis*, No. 1:10-cv-94, 2014 WL 1464315, at *4 (W.D. Mich. Apr. 15, 2014) (citing *McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013); *Arnett v. Webster*, 658 F.3d 742 (3d Cir. 2011); *Fantone v. Herbik*, 528 F. App'x 123, 128 (3d Cir. 2013); *Phillips v. Tiona*, 508 F. App'x 737, 844 (10th Cir. 2013).

Plaintiff's Objections fail to deal in a meaningful way with this analysis. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004), for example, deals with a situation where no medical care was sought and is distinguishable on the facts for that reason. It did not deal with a situation where, as is alleged here with respect to Defendant Chappell, a prison guard relied on a medical professional. Accordingly, the Court agrees with the Magistrate Judge that Defendant Chappell should be dismissed from this case.

4

### 4. Remaining Defendants

Finally, the Magistrate Judge recommends granting the motion to dismiss with respect to the ten other moving defendants. The Magistrate Judge concludes that with respect to these Defendants, Plaintiff has failed to allege sufficient facts to establish the subjective component of an Eighth Amendment deliberate indifference claim. At most, the Magistrate Judge reasons, Plaintiff has alleged these defendants were negligent, a level of culpability below that of deliberate indifference. The Court has reviewed de novo the Report and Recommendation, and Plaintiff's Objections and respectfully disagrees with the Magistrate Judge with regard to this portion of the Report and Recommendation.

Plaintiff's Complaint, while lengthy, is brief with respect to factual allegations against these ten defendants. But what is apparent from the Complaint is Plaintiff's assertions that Defendants were derelict in their duties while Ms. Spalding was experiencing, in an obvious manner, serious withdrawal symptoms that culminated in Ms. Spalding's death. Moreover, the Complaint alleges facts from which it is plausible to infer each Defendant knew enough about Ms. Spalding's condition to have the requisite subjective state of mind necessary for an Eighth Amendment violation. For purposes of Rule 12 review, the Court finds enough here to move forward. This is especially true in this case where the dismissal motion was joined with a summary judgment motion. Discovery is now nearly complete, and all dispositive motions are due at the beginning of August. The primary arguments raised in the Defendants' reply brief rely on a parsing of details that is best sorted out on summary judgment. Accordingly, this aspect of the motion will be denied without prejudice.

Finally, in her objection Plaintiff requests leave to amend the Complaint. This request is denied. At this stage of the case if Plaintiff desires to amend her Complaint she must first seek leave of Court through a motion that complies with the Federal and local rules.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 93) is **ADOPTED IN PART.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend (ECF No. 74) is **GRANTED** to the extent Defendants seek to correct the factual assertions in the motion to dismiss.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, or in the alternative, for summary judgment (ECF No. 71) is **GRANTED** to the extent it seeks dismissal of Defendant Chappell (based on failure to state a claim) and Defendants Melissa Brown, Sam Davis, Andrew Bouck, Scott Wrigglesworth, Nicholas Wagner, Luis Torrez and Darroll Gatson (based on both sides' request).  Those Defendants are **DISMISSED** from this case.

The motion is **DENIED WITHOUT PREJUDICE** in all other respects.  The remaining moving defendants, and any other remaining defendants, may file a new Rule 56 motion at the completion of discovery.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (ECF No. 94) and Defendant Smith's Objection (ECF No. 95) to the Report and Recommendation are adjudicated consistent with this Order.


Dated:   June 4, 2020             /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  CHIEF UNITED STATES DISTRICT JUDGE